UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyri O. Landron, #309930, ) | |
| ) | C/A No. 8:12-3529-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Greenwood City Police Department, ) | |
| Greenwood, SC 29646; Officer Jeremiah ) | |
| Atkins #1044; Officer Jamison Lovett #1332, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Background

This *pro se* Plaintiff, who is incarcerated at the Livesay Correctional Institution, brings a civil action pursuant to 42 U.S.C. § 1983 against law enforcement officers and the police department alleging violations of his constitutional rights during a search that led to his arrest. Compl. 3–4.  Without specifying any dates, Plaintiff alleges he was parked in his car at a Shell gas station waiting to meet a friend, and the officers allegedly received a call from a clerk at the station because she was concerned about a black male sitting in his car. Compl. 3.  Plaintiff alleges his friend arrived in another car at the station, went inside to purchase a juice, returned to his car, and then Plaintiff left his car and entered his friend's car. *Id.*  He alleges his friend drove his car out of the parking lot, and a police car pulled them over right away. *Id.*  He alleges Officer Atkins approached the driver and had him step out of the car. *Id.*  Plaintiff alleges that Officer Lovett directed him to exit the car and told Plaintiff he would search for weapons. *Id.*  When Lovett felt something soft in Plaintiff's pocket, he allegedly asked what it was, and Plaintiff replied that it was not a weapon. Compl. 3–4.  Allegedly, Lovett and Atkins discussed what Lovett

should do, and then Lovett reached into Plaintiff's pocket and retrieved contraband. *Id.* He alleges he was arrested based on this seizure of contraband. *Id.* Further, he alleges he was wrongfully convicted and is spending time in jail based on the seizure. Compl. 5. He alleges the defendants violated his Fourth Amendment constitutional rights, and he seeks damages for each year he will be wrongfully incarcerated. *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro*

*se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Plaintiff alleges the two essential elements to state a claim pursuant to § 1983, his claim is premature because he is currently serving a sentence for a conviction that has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas

3

> corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding squarely applies to this case. Plaintiff alleges that Lovett and Atkins discussed whether Plaintiff's pocket could be searched, and they proceeded to violate his Fourth Amendment constitutional rights when Lovett reached inside it. He alleges he is unlawfully serving a sentence based upon contraband illegally being discovered on him by Officer Lovett, which resulted in Plaintiff's conviction. Plaintiff seeks damages to compensate him for the time he claims he is wrongfully serving in prison. However, Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the

lawfulness of his state court conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[1]

### Recommendation

Based on the foregoing, it is recommended that the district court dismiss the Complaint in the above-captioned case *without prejudice*. Plaintiff's attention is directed to the important notice on the next page.

February 5, 2013  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).